IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH JIMENEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| BAYER MATERIAL SCIENCE LLC | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Elizabeth Jimenez complains of Defendant Bayer Material Science LLC, and for cause of action respectfully shows this Honorable Court the following:

## I.  PARTIES

Plaintiff Elizabeth Jimenez is, and was at all relevant times, a resident of Harris County, Texas.

Defendant Bayer Material Science LLC is a Delaware Limited Liability Company, which does business in Texas, and has its principal place of business in the Commonwealth of Pennsylvania.  This defendant may be served through its registered agent for service in this State: Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

This Court has general personal jurisdiction over the Defendant because it has conducted systematic and continuous business activities in and throughout the State of Texas and this District and Division.

Venue is properly laid in this District and Division pursuant to 28 U.S.C. §1391(a) because Defendant conducts business within this District and Division within the meaning of 28 U.S.C. §1391(a), and because the events giving rise to this cause of action occurred in substantial part in this District and Division.

### III.     FACTUAL BACKGROUND

Plaintiff worked for a contractor at Defendant's facility located at 8500 W Bay Rd, Baytown, TX 77523, which is in this District and Division.  On or about January 28, 2013, Plaintiff went to the temporary restrooms that Defendant had set up at the facility.  The area where Defendant had elected to install the restrooms was plagued with standing water any time that it rained.  This led to mud lingering in front of the entry ways to the restrooms.  Instead of moving the restrooms, Defendant placed pallets over the mud—with the idea that the pallets would serve as a walkway of sorts.  However, every time it rained, the pallets would become unsteady on top of the mud.  Further, people would track mud onto the pallets.  Finally, the pallets had wide gaps between each board.  Defendant had been advised of the unsafe conditions but did not remedy them.

On the date of the occurrence, Plaintiff needed to use the restroom so walked to the temporary restrooms.  Standing on the pallet, she used a set of keys to unlock the restroom door, then turned to hand the keys to another worker.  In that process, her foot was caught in between two boards of the pallet, causing her to fall. The other worker attempted to stop the fall but was unsuccessful.  Plaintiff used her hands to break the fall but still landed hard on the ground.  In the process, she injured her left wrist, right knee and upper and lower back.

### IV.     CAUSE OF ACTION 1: NEGLIGENCE

Plaintiff incorporates the previous allegations.

2

With respect to the incident, Defendant's actions and actions constituted negligence. Defendant breached its duties to Plaintiff of providing for the safety of those working on the job site and to provide a reasonably safe place to work.  Plaintiff's working conditions could have been made safe through Defendant's exercise of reasonable care.  Defendant's negligence caused the Plaintiff's injuries, in whole or in part, and as a result, Plaintiff has been damaged, as described in detail below.

### V.     CAUSE OF ACTION 2: PREMISES LIABILITY

Plaintiff incorporates the previous allegations.

Plaintiff was an invitee to Defendant's property. Defendant breached its duty of care owed to Plaintiff, as an invitee of the premises, by erecting the restrooms in a dangerous location and laying unsafe pallets in front of the restrooms. Defendant failed to use ordinary care to reduce or to eliminate this unreasonable risk of harm created by the premises condition that it knew about or should have known about. Defendant's acts and omissions proximately caused Plaintiff to suffer damages as described below.

### VI.    DAMAGES

Plaintiff incorporates the previous allegations.

By reason of the occurrence made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries.  Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of her natural life.

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, her earning capacity has been impaired permanently.

Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

Additionally, as a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

Plaintiff is physically impaired as a result of injuries sustained in the occurrence. As a consequence, she has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## VII. JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of not less than nine hundred and fifty thousand dollars, pre- and post-judgment interest as allowed by law, all costs of court, and all such other and further relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:    */s/ Anthony G. Buzbee*
     Anthony G. Buzbee
     State Bar No. 24001820
     Peter K. Taaffe
     State Bar No. 24003029
     JP Morgan Chase Tower
     600 Travis, Ste 7300
     Houston, Texas 77002
     Tel.: 713.223.5393
     Fax: 713.223.5909

**ATTORNEYS FOR PLAINTIFF**